09-2671-cr
United States v. Johnson, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of January, two thousand eleven.

PRESENT:

       WILFRED FEINBERG,
       JOSÉ A. CABRANES,
       REENA RAGGI,
           *Circuit Judges.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

           *Appellee,*

    v.                                             No. 09-2671-cr

JERRY JOHNSON,

           *Defendant-Appellant,*

GARRETT JOHNSON,

           *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

**FOR DEFENDANT-APPELLANT:**  Marsha Taubenhaus, NEW YORK, NY.

**FOR APPELLEE:**  David C. James and Justin D. Lerer, Assistant United States Attorneys for the Eastern District of New York (Loretta E. Lynch, United States Attorney, *on the brief*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Jerry Johnson ("defendant") appeals from a judgment of the District Court convicting him, pursuant to his guilty plea, of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Johnson was sentenced principally to 97 months of incarceration. On appeal, he argues that his sentence was procedurally unreasonable because (a) the District Court applied an "incorrect legal standard" regarding claims about pre-trial detention conditions and (b) the District Court did not expressly address defendant's arguments regarding pre-trial detention during sentencing. We assume the parties' familiarity with the facts and procedural history of this action.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then engage in review of the substantive reasonableness of the sentence and reverse only when the Court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Defendant sought a below-guidelines sentence based on his pre-trial detention conditions. He claims that the District Judge applied an incorrect legal standard when she said that there had not been "any conceivable kind of due process violation in connection with anything that has occurred in this case." GA 34. Defendant argues that it was inappropriate to consider the question of a due process

violation during detention in deciding whether to give a below-guidelines sentence based upon his pre-trial detainment. In fact, according to the record the District Judge's statement referred to defendant's claim that he had not been informed of the entire quantity of cocaine for which he would be held responsible at the time of his guilty plea—an argument rejected by the District Court and an issue not raised by defendant on appeal.

Although the District Court did not expressly address pre-trial detention conditions, absent evidence to the contrary the District Court is "strong[ly] presum[ed]" to have "faithfully discharged" its duty to consider the factors under 18 U.S.C. § 3553(a) "in the absence of record evidence suggesting otherwise." *United States v. Fernandez*, 443 F.3d 19, 30, 33 (2d Cir. 2006). Indeed, "we do not insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually," *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007), and " we never have required a [d]istrict [c]ourt to make specific responses to points argued by counsel in connection with sentencing," *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). Defendant did not make a showing that the District Court failed to consider the § 3553(a) factors. Accordingly, we find that sentencing was both procedurally and substantively reasonable.

We note, moreover, that inasmuch as "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures," *United States v. Carty*, 264 F.3d 191, 196 (2d Cir. 2001), the burden was on the defendant to prove, by a preponderance of the evidence, that a downward departure or reduction of his sentence was appropriate, *see United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Having failed to make such a showing, we find his argument to be without merit.

**CONCLUSION**

We have considered all of defendant's claims and found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

